## OPENING OF NEGLEY AVENUE, PITTSB.

APPEAL BY ISABEL C. SARGEANT FROM THE COURT OF COMMON
PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued October 29, 1891—Decided January 4, 1892.

(a) A city street was opened on such a location as to be more or less injurious to the plaintiff's property, according as it was or was not considered, in the ascertainment of damages, in connection with another city street laid out on an old approved plan but hitherto unopened:

1. Damages are assessed for the opening, not for the laying out of streets; and the damages to which the plaintiff was entitled were to be determined by considering the effect upon the property of the opened street alone, and not in connection with the street yet unopened.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOL-
LUM and MITCHELL, JJ.

No. 148 October Term 1891, Sup. Ct.; court below, No. 179 June Term 1888, C. P. No. 1.

On May 5, 1888, an issue was formed on an appeal by Isabel C. Sargeant from the report of viewers assessing damages occasioned by the opening of Negley Avenue, Pittsburgh. In this issue, the claimant was made plaintiff, and the city of Pittsburgh, defendant. Plea filed.

At the trial, on May 4, 1891, it was made to appear that the city of Pittsburgh, by ordinance enacted September 13, 1887, provided for the opening of Negley Avenue, from Roup street to Bryant street; that said avenue passed diagonally through

Charge of Court below.

a tier of lots of the plaintiff fronting on Wayne street; that
Wayne street was an unopened street on an older plan for that
portion of the city, known as the East Liberty plan, approved
by councils in 1870 ; that no steps had ever been taken by the
city towards opening any portion of Wayne street; that Negley
Avenue was actually opened on March 1, 1888, and that on
March 2, 1888, an ordinance was passed vacating Wayne street.

At the close of the testimony, the court, STOWE, P. J., charged
the jury in part as follows :

The simple question you have to determine is, how much
was this property damaged, if at all, by the location and open-
ing of this street through the land of the plaintiff ? . . . . .

[There is but one question that plaintiff's counsel and I dif-
fer upon, so far as I see, and of course you must follow my sug-
gestion, as counsel says ; and that is the effect of the vacation
of Wayne street.  It was not vacated until after this other
street was laid out, and we are to assess this damage as at the
time it was laid out and opened.  But you are to treat it as
though it had been vacated ; and it was in fact, I understand,
vacated within twenty-four hours, or a day or two after the
other street was laid out, but you take it as though it was va-
cated contemporaneously with the laying out of that street.
Then Wayne street, as it went through Mrs. Sargeant's prop-
erty, vested in her; and it would seem to me to be out of all
character to give her that street and then give her the value
of it too.  It must be taken, then, as though the street was va-
cated and did not exist, at the time the other street was laid
out.] [3] . . . .

The plaintiff's counsel request the court to charge :

1. In determining the question whether the plaintiff is dam-
aged by Negley Avenue, the jury should determine it as of the
date when Negley Avenue was actually located and opened, and
any pretended vacation of Wayne street afterwards should not
be allowed to affect their verdict.

Answer : Refused.[1]

—The jury returned a verdict in favor of the defendant.
Judgment having been entered, the plaintiff took this appeal,
assigning for error :

1. The answer to the plaintiff's point.[1]

3. The portion of the charge embraced in [ ] [3]

*Mr. D. T. Watson* (with him *Mr. W. B. Negley*), for the appellant.

That the assessment of damages is to be made as of the date of the appropriation, counsel cited: Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 411; Zimmerman v. Canal Co., 1 W. & S. 346; Davis v. Railway Co., 114 Pa. 308; Lawrence's App., 78 Pa. 365; Beale v. Railroad Co., 86 Pa. 509; Parks v. Boston, 15 Pick. 198, 208-9; Chambers v. South Chester Bor., 140 Pa. 510.

*Mr. William C. Moreland*, City Solicitor, for the appellee.

That the assessment is to be made at the date of the actual taking, counsel cited: Commonwealth v. Railroad Co., 135 Pa. 270; Quigley v. Railroad Co., 121 Pa. 35; Easton Bor. v. Rinek, 116 Pa. 7; Volkmar St., 124 Pa. 325; McGregor v. Gas Co., 139 Pa. 231; Brower v. Philadelphia, 142 Pa. 350.

OPINION, MR. JUSTICE WILLIAMS:

The plaintiff is the owner of several acres of land in what was a few years ago a rural portion of the city of Pittsburgh. This land is crossed by a street laid out many years ago, on what was then known as the East Liberty plan, which has not been opened. The possession of the plaintiff has never been disturbed by the city, and the street known as Wayne street exists only on paper. The progress of improvements has brought the neighborhood of the plaintiff's land into demand for building purposes, and an avenue known as Negley Avenue has been so laid out and opened as to give the plaintiff a front of five hundred and fifty feet thereon.

This case was begun by a proceeding for the purpose of assessing the damages, if any, sustained by the plaintiff in consequence of the opening of Negley Avenue. She asked that these should be assessed as if Wayne street had been actually opened on its recorded site, alleging that if opened it would cross her land at such an angle that, with Negley Avenue opened, it would seriously affect the value of her lots. The counsel for the city replied that Wayne street had been vacated since Negley Avenue was opened, and gave evidence to show that fact.

Opinion of the Court.

The plaintiff's counsel then asked the court to instruct the jury that her damages should be assessed as of the time when the avenue was actually opened, and that circumstances occurring since should not be considered by them in settling the amount. This, the court declined to do, but, on the other hand, instructed them that they should assess the damages, "as though it (Wayne street) was vacated contemporaneously with the laying out of that (Negley) street." To make this perfectly plain, he proceeded to say: "It must be taken, then, as though the street was vacated and did not exist, at the time the other (Negley) street was laid out;" notwithstanding the admitted fact that it was not vacated, and that it did exist upon the maps as a street regularly laid out.

We think the proposition embodied in the point was correct, and the answer of the court was wrong, yet the result reached was exactly right. The learned judge might have told the jury that the plaintiff's point was good law, but that it did not justify them in considering the effect upon her property of any unopened street. Damages are assessed upon the opening, not upon the laying out of streets. Negley Avenue was opened, and the question was, how has the opening of that thoroughfare affected the plaintiff? If Wayne street shall be opened at any time hereafter, a similar question will then be raised as to the effect of such opening. Then the jury will take into consideration the situation of Negley Avenue, its direction through the plaintiff's land, and how lots may be best laid out upon it. They will consider how the opening of Wayne street will affect these lots as to size and shape and desirability, and if it reduces their value, the damages will then be assessed. They ought not to be assessed twice. The court below was quite right, therefore, in confining the attention of the jury at this time to the effect of the opening of Negley Avenue, not because Wayne street had been vacated, but because it had not been opened. The direction was right; the reason was wrong. We ought not, therefore, to disturb this judgment, since, if the right reason had been given, the result would necessarily have been the same.

The judgment is affirmed.