# Preston.Retreat *v.* City of Philadelphia, Appellant.

*Municipalities—Eminent domain—Opening of streets—Damages—Evidence—Immaterial matters—Answers to points.*

1. Where in a trial of a proceeding to recover damages for injuries to plaintiff's property occasioned by the opening of a city street at a grade above the natural surface, the court has properly excluded evidence offered by the plaintiff to show the originally plotted grade at which the street was laid out, but in an examination of witnesses called by the plaintiff, and principally during their cross-examination, repeated reference was made to the earlier grade, which corresponded closely to the natural surface, but without reflection on the city for abandoning that grade, and only to explain the considerations which had entered into witnesses' estimates, it is not error for the court to refuse defendant's request for a point for charge to the effect that as a matter of law the jury was not entitled to take into consideration such originally proposed grade.

2. In the trial of such a case, where the plaintiff makes no claim for the cost of raising his property to the grade of the highway,

the lower court is correct in refusing to charge, as requested by the defendant, that the plaintiff could not recover for such cost.

3. In such a case it is immaterial whether other streets in the same neighborhood have been fixed at the same grade as the street in question, and the court commits no error in refusing to allow defendant to ask a witness for the plaintiff on cross-examination whether the grade of the street causing the damage had not been fixed and determined by the grade of such other streets.

Argued Jan. 9, 1913.   Appeal, No. 272, Jan. T., 1912, by defendant, from judgment of C. P. No. 5, Dec. T., 1908, No. 2315, on verdict for plaintiff in case of The Preston Retreat v. The City of Philadelphia.   Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCH-ZISKER, JJ.   Affirmed.

Appeal from report of viewers assessing damages for injuries to plaintiff's land in consequence of the opening of a city street.   Before RALSTON, J.

The facts are stated in the opinion of the Supreme Court.

The court made the following answers to points submitted by defendant:

"5. As a matter of law, the jury is not entitled to take into consideration the proposed grade of 1871, which you have heard referred to during the course of the trial, or any other grade not subsequently carried out by action of the board of surveyors acting under authority of the city councils, nor should you take into consideration the question of the points at which streets might have been opened, because the question before you is simply the effect upon the market value of this ground because of the opening of these two streets of the width, and at the grade finally determined upon by the municipal authorities in the exercise of the discretion vested in them by law."

Ruling of the Court:

"The fifth point is declined.   It goes into matters as to which there is no evidence in the case." [1]

"6. Where the ground of the plaintiff was already below the level of the adjoining streets the plaintiff is not entitled to have his entire property lifted up to the level of the street as it is made by raising the grade. There is simply an increase in the elevation of the grade, and the fact of such additional elevation, as affecting the value of the property after the change, may be shown, but not the specific cost of changing the whole surface of the property by lifting it all up to the new grade. The surface was not at such an elevation, and there is no obligation to put it there, but if the effect of the additional elevation of the grade is an injury to the market value of the property, the extent of that injury may be shown, and that is the difference in market value before and after."

Ruling of the Court:

"The sixth point is declined, for the reason that no such claim has been made by the plaintiff. The plaintiff's point on that subject being declined, the defendant's point is also declined."

Exception for defendant allowed. [2]

On cross-examination of plaintiff's expert witness the following question was asked:

"Q. Bearing in mind what has been testified to, didn't the grade of those three streets (Fifty-second street, Whitby and Warrington avenues) fix the grades of the streets through the Preston Retreat property?"

(Objected to.)

(Objection sustained.)

(Exception for defendant.) [3]

*Errors assigned* were (1-2) answers to points, and (3) ruling on evidence.

*Edwin O. Lewis,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellant.

*Eli Kirk Price,* for appellee.

OPINION BY MR. JUSTICE STEWART, February 24, 1913:

The Preston Retreat, plaintiff below and here appellee, is the owner of a tract of land in the Fortieth Ward of the City of Philadelphia containing thirteen acres. In opening Willows avenue to a junction with Fifty-third street, and extending the latter street northward, the city has appropriated of this land about an acre and one-half at the extreme northwesterly limit of the tract, where the natural surface of the land is lowest. In order that the grade of this newly opened street might accord with that of other streets in the neighborhood, the city has constructed the street at a very considerable elevation above the natural surface of the ground. It is this feature of the case which excited controversy in the proceeding to assess plaintiff's damages in the court below, and it is the rulings of the court with respect to it that are alone assigned as error. On the trial plaintiff offered to show that as originally plotted in 1871 the grade corresponded very closely to the natural surface of the ground, and that this plan had remained unchanged until 1895 when the present grade was adopted. The offer was properly rejected as wholly irrelevant to the issue being tried; nevertheless in the examination of the witnesses called by plaintiff, and principally during their cross-examination, repeated reference was made to this earlier grade. In view of this fact the following point for special instruction was submitted on behalf of the city: "As a matter of law, the jury is not entitled to take into consideration the proposed grade of 1871, which you have heard referred to during the course of the trial, or any other grade not subsequently carried out by action of the board of surveyors acting under authority of the city councils, nor should you take into consideration the question of the points at which streets might have been opened, because the question before you is simply the effect upon the market value of this ground because of the opening of these two streets of the width, and at the grade finally determined upon." The ruling

of the court was as follows: "The fifth point is declined. It goes into matters as to which there is no evidence in the case." The law as stated in the point is not open to question, but it was here without application. There was absolutely nothing in the case upon which a suspicion could rest that the city was in danger of being penalized because of its abandonment of its earlier grade in any other sense than that the injury to the land was greater by reason of the change than it would have been had the change not been made. In giving their estimate of the market value of the land before the streets had been constructed, the witnesses, nearly all of them, referred to the grade of 1871, but it was without condemnation of the city for abandoning that grade, and only to explain the considerations which had entered into their estimate, the principal one being that the earlier grade corresponding closely to the natural surface admitted of free access to the land. Had the reference been to the natural surface rather than to the earlier grade, it would have been open to no possible objection, and yet according to the testimony these are one and the same, or so nearly so that the difference is unimportant. The assignment is overruled.

The second point submitted and refused was as follows: "Whereas the ground of the plaintiff was already below the level of the adjoining streets, the plaintiff is not entitled to have his entire property lifted up to the level of the street as it is made by raising of the grade. There is simply an increase in the elevation of the grade, and the fact of such additional elevation, as affecting the value of the property after the charge, may be shown, but not the specific cost of changing the whole surface of the property by lifting it all up to the new grade." The ruling of the court was: "The point is declined, for the reason that no such claim has been made by the plaintiff." In this there was no error. The point followed closely the language of this court in Bond v. Philadelphia, 218 Pa. 475, but there is utter lack of correspond-

ence between the two cases on their facts. In the Bond case the claim for damages was in connection with the change of grade of an old established street, the grade of which from the beginning had been considerably above the natural surface of plaintiff's land, necessarily so because of the natural features of the land. What we there held was that while the fact of increase in elevation as affecting the market value of the property might be shown, the specific cost of elevating the entire surface of the property could not be shown, as the city was under no duty to so improve the plaintiff's lot, and it did not appear that such cost would enter into the mind of the general buyer in the market so as to determine or influence his bid; and further, that since the witnesses had no difficulty in estimating the market value of the low-lying land before the increased elevation of the street without entering into an estimate as to the cost of the filling necessary to bring it to the level of the street as it then was, no reason was apparent why they could not in the same way estimate the market value of the land after the elevation had been increased. The difference between the two cases on their facts need be pursued no further to show how the ruling in the earlier is without application in the later. The contention of appellant here is that the ground appropriated by the city was a ravine, and that the surface of the street as constructed is simply on a level with all the plaintiff's land except the unoccupied part of the ravine. On cross-examination of plaintiff's witnesses the grade of other streets in the same neighborhood was introduced, for no other purpose, so far as we can see, than to show that a like grade was here observed. It was traveling far afield, for the only inquiry for the jury was the extent of the damage done plaintiff's land by the existing grade upon it, whether that grade was higher or lower than that of other streets in the neighborhood being a matter of no consequence whatever. The jury was to have regard to

plaintiff's land in the condition the city left it, and to that alone.

When on cross-examination it was proposed to ask a witness whether the grade of certain streets in the neighborhood had not fixed and determined the grade of the street in the plaintiff's land that had been appropriated, an objection to the question was sustained, and the ruling is the subject of the remaining assignment. The irrelevancy of the inquiry is apparent. What governed in the determination of the grade was not a matter to be inquired into; nor was it a question whether a different grade, one affecting less injury to plaintiff's property, could have been adopted. We can only repeat what we said before, that there is nothing in the case to warrant even a suspicion that any such considerations as these were allowed to influence the result. There was no error in excluding the offer.

The assignments are overruled, and the judgment is affirmed.