# The Knickerbocker Ice Company of Philadelphia, Appellant, *v*. Philadelphia.

*Road law—Change of grade—Intersecting unopened streets—Irrelevant evidence—New trial—Incompetent witness.*

1. A street laid out but not opened cannot be taken into consideration in assessing the damages caused by the opening or change of grade of another street upon the same property. The damages which the abutting owner is entitled to recover are to be determined by considering the depreciation of the market value of the property caused by the opening or grading of the street and have no connection with the street not opened or graded.

2. In a change of grade proceeding, it is immaterial to the issue whether the grade causing the damage has been fixed and determined in accordance with the grade of an intersecting street.

3. On appeal from an award of a Board of Viewers in a change of grade proceeding, it is error to admit evidence relating to the circumstances surrounding the alleged dedication of an unopened intersecting street abutting upon the same property, and to a release of the damages which might result from the opening of such street; and where in such case it appeared that the jury had rendered a verdict for defendant municipality whereas the Board of Viewers had awarded the plaintiff substantial damages, a new trial was granted.

4. Where in such case the president of the company which owned the land alleged to be damaged was questioned as to the depreciation in value of the property after the change of grade, the court made no error in excluding this testimony where such witness had not been shown to be an expert in real estate values.

Argued April 2, 1914. Appeal, No. 404, Jan. T., 1913, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., Dec. T., 1908, No. 1239, on verdict for defendant in case of The Knickerbocker Ice Company of Philadelphia v. City of Philadelphia. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Appeal from award of a board of viewers in the matter of change of grade of Whitby avenue. Before RALSTON, J.

From the record, it appeared that the court admitted evidence relating to the circumstances surrounding the dedication of Fifty-third street, which was unopened and which intersected Whitby avenue, and evidence relating to a release of the damages which might be caused by the opening of Fifty-third street, executed by a former owner of the property.

The court excluded the testimony of Walter Lee the president of the Knickerbocker Ice Co. as to the extent of the depreciation in value after the change of grade, on the ground that the witness had not been shown to be an expert in real estate values.

The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned* were in admitting certain evidence referred to in the opinion of the Supreme Court, instructions to the jury and answers to points.

*Frank R. Savidge,* for appellant cited: Markle v. Philadelphia, 163 Pa. 344; Grugan v. Philadelphia, 158 Pa. 337; Opening of Negley Avenue, 146 Pa. 456; Preston Retreat v. Philadelphia, 239 Pa. 323; Hicks v. Williamsport, 235 Pa. 509; Delvin v. Philadelphia, 206 Pa. 518; Clark v. Philadelphia, 171 Pa. 30; O'Brien v. Philadelphia, 150 Pa. 589; Howley v. Pittsburgh, 204 Pa. 428; Jones v. Bangor Borough, 144 Pa. 638; Groff v. Philadelphia, 150 Pa. 594; Righter v. Philadelphia, 161 Pa. 73.

*Edwin O. Lewis,* Assistant City Solicitor, with him *Henry Johns Gibbons,* Assistant City Solicitor, and *Michal J. Ryan,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE ELKIN, July 1, 1914:

In the court below appellant claimed damages for depreciation in the market value of its property caused

by the change of grade of Whitby avenue and this was the issue submitted to the jury. The case was very fairly submitted by the learned trial judge, but it is contended that a considerable amount of testimony relating to Fifty-third street was improperly admitted to the prejudice of the appellant, and that this irrelevant issue was not only confusing but must have misled the jury. The question thus raised has made it necessary to examine the record with the greatest care. Whitby avenue and Fifty-third street were intersecting streets, but the damages claimed were for the change of grade of Whitby avenue alone. This being so we have not been able to understand why so much of the testimony was directed to conditions relating to Fifty-third street, and we are impressed with the argument of counsel for appellant that this in its main features was entirely irrelevant to the issue being tried; and being irrelevant, perhaps misleading and certainly confusing, it should not have been admitted. A street laid out, but not opened, cannot be taken into consideration in assessing the damages caused by the opening or change of grade of another street upon the same property: Markle v. Philadelphia, 163 Pa. 344. The damages to which the abutting owner is entitled are to be determined by considering the depreciation of the market value of the property, caused by the street which was opened, or graded if that was the change made, and has no connection with the street not opened, or graded as the case may be: Opening Negley Avenue, 146 Pa. 456. The damages in such a case are to be determined by the effect upon the property of the opened street, and the jury has no right to consider the inconvenience and damage which may arise from the opening of another street: Grugan v. Philadelphia, 158 Pa. 337. Then, again, in a very recent case we held it to be immaterial to the issue whether the grade causing the damage had been fixed and determined by the grade of an intersecting street: Preston Retreat v. Philadelphia, 239 Pa. 323. The learned counsel for appellee

very frankly acknowledges the force of these decisions, but strongly urges that they have no application to the case at bar. This for the reason that the testimony relating to Fifty-third street in the present case was not intended to deny appellant the right to limit his damages to injuries caused by the change of grade of Whitby avenue. In other words that all inquiries about the dedication of the bed of Fifty-third street and the conditions there were only intended to test the witnesses' estimates of damages, and how they arrived at their values before and after the injury. The argument is plausible but to our minds not convincing. The distinction is too technical to be made a rule of general application in the assessment of damages by men who have to do with practical affairs. In the case at bar so much was said about Fifty-third street that the jury must have understood conditions there to have had a considerable bearing upon the grading of Whitby avenue and the damages arising therefrom, else why make such point of it. Certainly under the cases above cited, and many others, testimony of this character must be deemed immaterial and irrelevant. Our only concern now is to determine whether on account of the use made of it at the trial, any substantial harm was done appellant. This must necessarily be a matter of conjecture, but since the Board of Viewers awarded appellant several thousand dollars in damages, and the jury nothing, we cannot say that evidence of this character did no harm.

We cannot see how the deed of dedication for the bed of Fifty-third street had anything to do with determining the damages to plaintiff's property caused by the change of grade of Whitby avenue. The learned trial judge correctly instructed the jury as follows: "You will have to find out what the property was worth before this change was made, and what the property was worth after the change of grade, the difference, if you find that there is a difference, is the plaintiff's damage."

Depreciation in the market value of its property caused by the change of grade of Whitby avenue measures the damage of appellant.   This is a practical question and it must be determined by the testimony of practical men who are qualified to testify as to the market value before and after the change of grade.   The issue should not be clouded by technicalities, nor confused by immaterial and irrelevant testimony.

As to the witness Lee, we cannot say in view of what is disclosed by the record as to his qualifications to testify upon the question of values, that his testimony was improperly excluded.   When the case is again tried it will be proper to show his competency as a witness familiar with the value of the property before and after the change of grade, and when this is done, if it be satisfactorily done, there can be no question as to his right to testify.

From what has been said it follows that the settlement certificates referred to in the assignments of error were improperly admitted.

All those assignments of error relating to questions concerning Fifty-third street, the deed of dedication and settlement certificates are sustained.   When the case is again tried this evidence will be excluded.

Judgment reversed and a venire facias de novo awarded.