# Fessler *v.* Schuylkill Haven Gas and Water Co., Appellant.

*Waters—Diversion—Water company—Lower riparian owner—Punitive damages—Qualification of witnesses—Improper remarks of counsel.*

On an appeal from a judgment for plaintiff in an action against a water company to recover damages for the diversion of a stream, the appellate court will not consider assignments of error to portions of the charge which permitted the jury to allow punitive damages, if it appears that the verdict of the jury was less than half the amount which could have been awarded as compensatory damages under the evidence.

In such a case where witnesses called by the plaintiff to testify as to land values, show that they are familiar with the situation of the property, and the buying, selling and holding values of property in the neighborhood they may give an opinion on the question of values, and their testimony is entitled to the consideration which the jury may deem it worthy.

Where it appears in an action against a water company that the company unlawfully and without notice to plaintiff, and without

exercising the right of eminent domain in a legal manner, diverted the waters of a stream, a judgment for the plaintiff will not be reversed because the trial court refused to withdraw a juror after counsel for plaintiff in addressing the jury had used this language: "There ought to be something done to put a stop to this kind of thing. Is that fair and right that the defendant company should take this water instead of taking it under the right of eminent domain, and then employ the ablest lawyers at this bar and the Philadelphia Bar to prevent the plaintiff from recovering what is due him? Should this kind of conduct go unwhipped of justice?"

Argued Dec. 5, 1917. Appeal, No. 311, Oct. T., 1917, by defendant, from judgment of C. P. Schuylkill Co., Nov. T., 1914, No. 89, on verdict for plaintiff in case of Josiah Fessler v. Schuylkill Haven Gas & Water Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and WILLIAMS, JJ. Affirmed.

●

Trespass to recover damages for the diversion of a stream known as Hummel's Run which flowed over plaintiff's land. Before BRUMM, J.

From the record it appeared that the plaintiff constructed a dam across the stream without notice to the plaintiff, and without exercising in a legal way the right of eminent domain. The facts appear by the opinion of the Superior Court.

After plaintiff's counsel had concluded his address to the jury, a motion was made to withdraw a juror and continue the case. This motion was based upon the following affidavit:

George M. Roads, Atty. for defendant, being duly sworn, saith that Joseph W. Moyer, Esq., in closing his address to the jury in this case, used the following language: "There ought to be something done to put a stop to this kind of thing. Is that fair and right that they, the defendant company, should take this water, instead of taking it under the right of eminent domain, and then employ the ablest lawyers at this bar and the Philadelphia Bar to prevent the plaintiff from recovering what

is due him?    Should this kind of conduct go unwhipped of justice?" and respectfully requests the court to withdraw a juror, and continue the case at the costs of the plaintiff, a formal motion to follow.

The court refused to withdraw the juror and continue the case.   (7)

Defendant presented, inter alia, the following points:

"2. That the jury cannot allow anything for punitive damages, under the pleadings and all of the evidence in the case.

"Answer—We decline to affirm that, and think it proper to say, in this connection, that while the case upon which the plaintiff relies, of Rider v. York Haven Water Power Company, in 251 Pa. 18, discusses the question of punitive damages, and the damage based or predicated on the value of property before and after the damage done, simply discusses and decides that question with reference to the permanency or the temporary character of the damage done to the land, and while it says that the damages are alike, whether they be temporary or permanent, it does not touch the question as to the punitive damages, where the land is taken under the right of eminent domain, or taken by trespass without eminent domain; but it does say (reading from p. 26): 'When torts are committed wilfully, maliciously, or so negligently as to indicate a wanton disregard of the rights of others, punitive damages may be awarded,' and then cites the case of Pittsburgh, Cincinnati & St. Louis Ry. Co. v. Lyon, 123 Pa. 140."   (4)

"5.. The jury must disregard the conditional valuation put upon plaintiff's land, before defendant's diversion of the water, by Lambert Strauch, because he testified he could not make any estimate without considering that the water power was utilized.

"Answer—We decline to affirm this, for the same reasons that we have stated to you with reference to the fourth point, with this difference, that the fourth point had reference to the owner of the land.   This has refer-

334 FESSLER v. SCHUYLKILL HAVEN G. & W. CO., Appel.

Statement of Facts—Opinion of the Court. [69 Pa. Superior Ct.

ence to a disinterested witness, so far as this testimony shows, and you should give it its weight just in proportion as you may think proper it is entitled to." (5)

"6. The jury must disregard the valuation put upon plaintiff's property before defendant's diversion, by William Allison, because he testified that he did not know what property would bring at that time at public or private sale, and that he merely made a guess at its value.

"Answer—We say the same reason applies in this case as is applicable especially to the second point, in every sense as we have stated it, and we, therefore, decline to affirm this." (6)

Verdict and judgment for plaintiff for $900. Defendant appealed.

*Errors assigned,* among others, were (4, 5, 6) answers to points as above, (7) refusal to withdraw juror and continue the case.

*George M. Roads,* with him *Theodore J. Grayson,* for appellant.—The court erred as to the question of punitive damages: Philadelphia Traction Co. v. Orbann, 119 Pa. 37; Greeney v. Penna. Water Co., 29 Pa. Superior Ct. 136.

The remarks of counsel were improper: Brow v. Central Penna. Traction Co., 237 Pa. 324.

*J. W. Moyer,* with him *George M. Paxson,* for appellee.

OPINION BY HENDERSON, J., March 2, 1918:

This action was for the recovery of damages for the diversion of a stream to the detriment of land owned by the plaintiff below the location at which the water was taken. The first four assignments relate to the instruction of the court on the subject of punitive damages. The defendant is a corporation having the right of eminent domain. It did not take the water in the exercise of that right but without notice to the plain-

tiff erected a dam from which it conducted water through
a pipe to a reservoir used by it in the distribution of
water to the community which it served.   It also erected
a pump below the dam which was used for forcing into
the dam water which leaked through it.   The plaintiff
contended that the action of the defendant was wanton
and in wilful disregard of his rights as a riparian owner
as a consequence of which he was entitled to punitive
damages and the trial judge instructed the jury that it
might award such damage as would not only compensate
the plaintiff but at the same time tend to prevent a repe-
tition of the wrong either by the defendant or others.
The instruction was apparently intended to be within
the ruling in Rider v. York Haven Water & Power Co.,
255 Pa. 196.   We do not consider it necessary to discuss
the question raised by the assignments in view of the
fact that the verdict of the jury was less than half the
amount which could have been awarded as compensatory
damages under the evidence.   The verdict was $900.
The injury complained of was committed in the spring of
1911.   If the verdict included a lawful sum for the de-
tention of the damages the amount allowed for the
loss would be considerably less than the sum awarded
the plaintiff.   The witnesses called for the plaintiff put
the actual damage at a much larger sum.   Their testi-
mony was credited rather than that of the defendant's
witnesses and it is evident, therefore, that the verdict
does not include punitive damages.   It would be an un-
profitable exercise, therefore, to review the authorities
and discuss the evidence on the question of the suffi-
ciency of the proofs to warrant the submission of that
question to the jury.

The fifth and sixth assignments may be considered to-
gether.   They relate to the testimony of two of the plain-
tiff's witnesses, Lambert Strauck and William Allison.
The court was requested by the defendant to instruct
the jury to disregard the testimony of each of these wit-
nesses; the first because he gave what the learned coun-

sel characterizes as a "conditional valuation," and the second because he did not know what the property would bring at public or private sale and that he merely made a guess at its value.    In considering the merits of these assignments all of the testimony of each of the witnesses named is to be taken into consideration.    The examination of Strauck covers ten pages of the record.    Numerous questions were propounded to him; some of them in a form which would have required two answers and some of them in language which was apparently not clearly understood by the witness.    His qualification to testify on the subject was not questioned.    He had lived in the immediate neighborhood for many years, had seen the property frequently and had knowledge of the values of real estate in the locality.    In the protracted examination his answers were not always clear but he did testify as to the value of the property before and after the diversion of the water and the weight of his evidence was a question for the consideration of the jury.    The cause of the injury to the plaintiff was the loss of water power and when the witness estimated the value with the power connected with the land the jury could determine his meaning taking all of his testimony together more readily than can that be done by a review of the evidence; especially in the light of the observation which they had by a visit to the premises and an examination of the plaintiff's property.    The market value of land is a matter of opinion and is to be shown by evidence of those who are familiar with the neighborhood, the situation of the property, the buying and selling values of such property as may have been sold or the prices at which property is held by the owners.    This opinion is a conjecture, however, and is only admissible because it is the best evidence available under the circumstances.    Where the witness has shown himself qualified as did this witness to give an opinion on the subject his testimony is entitled to the consideration which the jury may deem it worthy.    What has been said with reference to the tes-

timony of Strauck applies with equal force to that of Allison. He had the necessary knowledge of the property and of prices in the locality to express an opinion. After examining the evidence of these witnesses we are unable to agree with the contention of the learned counsel for the appellant that it was not competent for the consideration of the jury.

In the seventh assignment the complaint is made that the court did not withdraw a juror because of improper remarks of the plaintiff's counsel. We have examined the language set forth in the affidavit with care but are not convinced that it sustains the objection presented. The action involved the conduct of the defendant company. It proceeded concededly without right in taking the water from the stream. Lower riparian owners were not consulted. Their rights with respect to the water were not regarded. It was within the power of the defendant to have proceeded in accordance with law under its charter and thereby to have secured a title to the water which it desired. It chose the other method. It therefore invited some criticism of its action and while the disposition of the courts has been to restrain violent and inflammatory attacks by counsel on parties and witnesses without due regard to the evidence it has not been the intention to prescribe the exact terms in which the conduct of parties or witnesses should be characterized and thereby to confine within the narrowest limits the rhetorical liberty of counsel. On the undisputed facts in the case we are of the opinion the plaintiff's counsel did not transgress the boundaries of lawful expression in asking the jury to render adequate compensation to the plaintiff for the wrong alleged to have been done him.

The assignments are overruled and the judgment affirmed.