## Commonwealth v. Blankenstein, Appellant.

*Criminal law—Sedition—Act of June 26, 1919, P. L. 639, as amended by Act of May 10, 1921, P. L. 435—Sedition Act—Conviction—Evidence—Sufficiency.*

The Act of June 26, 1919, P. L. 639, as amended by the Act of May 10, 1921, P. L. 435 (Sedition Act) is constitutional. It does not infringe upon the constitutional rights of the individual as guaranteed by sections 1, 2 and 20 of Article I of the Constitution of Pennsylvania.

On the trial of an indictment for sedition it was proper to admit in evidence the history of the organization and doctrines of the revolutionary party to which defendant belonged, its tenets and teachings, and papers and documents published by it.

Evidence of a qualified witness as to the organization was also admissible to show the motives and designs of the defendant.

A qualified witness is permitted to state a relevent fact not generally known, but known to him because of his training and experience, and this is so although the witness may not be regarded as an expert whose opinions would be admissible on a hypothetical inquiry.

The question of the competency of the witness is one within the discretion of the court and a judgment will not be reversed unless the judicial discretion has been abused.

Argued April 23, 1923. Appeal, No. 132, April T., 1923, by defendant, from judgment of O. and T. Allegheny

County, April Sessions, 1922, No. 321, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Israel Blankenstein. Before PORTER, HENDERSON, TREX-LER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for sedition. Before McLAUGHRY, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court, answers to points and refusal of defendant's motion in arrest of judgment.

*Alfred Cahen,* for appellant.

*John D. Meyer,* Assistant District Attorney, and with him *Samuel H. Gardner,* District Attorney, for appellee.

OPINION BY HENDERSON, J., July 12, 1923:

The appellant was convicted on an indictment for sedition which offense was made a felony by the Act of June 26, 1919, P. L. 639, as amended by the Act of May 10, 1921, P. L. 435. The indictment contained eight counts charging different acts prohibited by the statute. The conviction was had on all of the counts, but the sentence imposed was less than that which might have been lawfully given under any single count and the verdict must therefore be affirmed if the law and the evidence support a judgment on any count. Many of the assignments are not in conformity with our rules and do not bring before us any part of the record for review. The errors properly assigned bring to our attention the complaints: (1) that the statute under which the conviction was had is unconstitutional; (2) that the court erred in the charge to the jury; (3) that incompetent evidence was introduced; (4) that the evidence was not sufficient

to sustain the conviction. Basis for the contention that the statutes are unconstitutional is supposed to be found in section 1, article I, of the Constitution of the State which guarantees to all men freedom and independence; the right to life and liberty; the acquiring and possessing property and reputation; and the pursuit of happiness; and in the provision of section 2, of article I, according to the people the right to alter, reform or abolish their government in such manner as they may think proper; as also the right guaranteed in section 20, of article I, to assemble for the common good and to petition for redress of grievances or other proper purposes. In further support of unconstitutionality reliance is placed on section 3, of article III, forbidding that a bill be passed containing more than one subject. It is not undertaken in the argument to show how section 1 of the first article of the Constitution was violated by the conviction of the defendant. The protection there guaranteed is only to those who live under the Constitution and are obedient to the laws of the Commonwealth. It was not intended that violation of the Constitution and the criminal laws of the Commonwealth should be exempt from punishment, nor was the second section of the article intended to be permission to residents of other states or foreign countries to come into this Commonwealth for the purpose of altering, reforming or abolishing the government. The power to make such changes is in the citizens of Pennsylvania. The Constitution and the legislation thereunder provides the mode by which the organic law may be altered or reformed. The abolition of the government must be accomplished by revolution and that is a change not under the Constitution, but through a destruction of it. That the Commonwealth has authority to enact legislation intended to preserve the stability of the government and to prevent the incitement of tumult tending to disturb the public peace and conduct tending to treason cannot be seriously questioned. The right of self-protection is an attribute

of government.  No one, whether he be alien or citizen, has any warrant in the Constitution to overthrow its authority by violence, and the right to counteract violence includes the power to prohibit conduct the purpose and effect of which is to produce public disorder and antagonism against the State.  Freedom of speech does not include the right of solicitation to commit a felony. The right to petition for a redress of grievances is not involved in this case.  The defendant is an alien who so far as the record disclosed is not the owner of any property in the Commonwealth and up to the time of his arrest had not been subject to any personal restraint.  The complaint that the Sedition Act was passed in violation of section 3, of article III, is without merit.  There is but one subject in the statute and that is clearly expressed in its title.  The term sedition is well understood.  The first section of the statute specifically defines the acts constituting that offense.  The second declares that such conduct shall be felonious and prescribes the penalty therefor.  All of this is well within the restrictive provisions of the article referred to.

One count in the indictment was drawn under each of the subsections of section 1 defining the particular act or conduct legislated against.  The evidence tended to show that the defendant belonged to an association or organization having various names, such as "The Communist Party," "The Communist Party of America," "The Communist Labor Party," "The United Communist Party," "The Communist International Party" whose headquarters were at Moscow, Russia; that he came to Pittsburgh in the interest of this organization a few months before his arrest; that he was known by different names at different times; that he refused to state where his residence was, what his busines was, or to give any information in regard to his history when interrogated by the officers who arrested him; that he attended meetings of the socialist party in Pittsburgh and elsewhere; and that he was actively connected with the organization.  At the

time of his arrest a large number of documents relating to the purposes of the organization were found in his room under such circumstances as to warrant the conclusion that he intended to make use of them by distribution to disseminate its doctrines and advance the objects of its formation. Evidence was offered to prove the history of the organization, the character of its activities, the objects sought to be accomplished by its members and the relation of the defendant to it. The contention of the Commonwealth was that the defendant was engaged in the distribution of literature, the character and intent of which was to encourage people to engage in conduct with a view of overthrowing the government of this State and of the United States, and the distribution of publications, papers and documents teaching the propriety of engaging in violence or forms of terrorism as a means of accomplishing a change in government, and the court submitted to the jury the inquiry whether the evidence sustained this contention as charged in the indictment. It is asserted by the appellant that the evidence was not sufficient to establish the charge, but we have the oral evidence only before us. No evidence was offered for the defense and a large part of that offered by the Commonwealth consisted of documents found in the defendant's possession and not printed in the brief filed. The defendant engaged in the cross-examination of some of the Commonwealth's witnesses and addressed the jury in his own behalf. From the character of this examination the jury might have concluded that he is an intelligent man and familiar with the history, doctrines and objects of the extreme socialist movement which had in view the overthrow of the present form of government in this country and the substitution of a communistic system, and the evidence was sufficient to support a finding that he was in sympathy with that movement and active in its promotion. The possession of the large quantity of documents found in the defendant's room bearing on the subject and the purposes of the extreme socialist

party taken in connection with the movements of the defendant could give but one impression to the jury and that would be adverse to any theory that they were not intended to create public sentiment hostile to the government existing in this State and the United States; and evidence that the defendant accepted the views and declarations of the organization with which he was said to be connected and of the documents expressive of the purposes of the organization would warrant the conclusion that these documents were used or intended to be used in hostility to the public order.

Objection was made to the admission of the evidence of the witness Lennon who testified with reference to the organization of the Communist Party of America as it existed under different names or reorganizations. This evidence we think was competent in connection with the other evidence in the case for the purpose of showing motive and design on the part of the defendant. Without more, the name "The Communist Party" might mean nothing to the jury. It was proper therefore to introduce evidence showing the policy advocated by that party and the method by which it proposed to put that policy in operation. The competency of the witness was a preliminary question to be decided by the court and we are unable to say that an error was committed in permitting the witness to testify. He appeared to have a wide knowledge on the subject, had made extensive inquiries, and had such information as enabled the court to hold that he was competent to testify. A qualified witness is permitted to state a relevant fact not generally known but known by him because of his training and experience and this is so although the witness may not be regarded as an expert whose opinion would be admissible on a hypothetical inquiry. In Debbs v. U. S., 249 U. S. 215, the defendant was tried for inciting insubordination and mutiny. The government offered the record of the conviction of Ruthenberg and others whose conduct the defendant had publicly approved. The evidence was

introduced to show the grounds on which these persons were convicted in order that the jury might understand the import of the defendant's expression of sympathy and to throw light on the intent of his public utterance. At the same trial an "anti-war proclamation and program" adopted at St. Louis in 1917 was offered in connection with evidence that the defendant had expressed approval of that platform in spirit and in substance. In Hester v. Commonwealth, 85 Pa. 139, evidence was admitted to show the character and some of the objects of the organization commonly known as "Molly McGuires" in connection with evidence that the defendant was a member of that organization and this was held to be competent to explain the defendant's conduct and to show a motive for the commission of the felony for which he was tried. It was of course not admissible to establish a collateral fact or to impute to others a crime not involved in the pending trial. A similar ruling was made in Campbell v. Com., 84 Pa. 187. Application of the same principle makes the testimony of Lennon competent. As the question of the competency of the witness is one within the discretion of the court, the judgment will not be reversed on such ground unless the judicial discretion has been abused: Ardesco Oil Co. v. Gilson, 63 Pa. 146; Stevenson v. Coal Co., 203 Pa. 316; Knickerbocker Ice Co. v. Phila., 246 Pa. 84.

The facts disclosed by the evidence bring the case within the prohibition of subsections a, b, and g, of the Act of May 10, 1921, as charged in the indictment. No objection was made to the form of the indictment and we are therefore only concerned with the inquiry as to the unconstitutionality of the act, the competency of the evidence objected to and the correctness of the charge. The criticism of the latter is not well founded and a review of the whole record satisfies us that none of the assignments should be sustained. They are therefore dismissed. The judgment is affirmed and the record remitted to the court below to the end that the sentence may be carried into effect.