Henry, Appellant, et vir., *v.* Sewickley Township

Argued April 22, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*A. C. Scales,* of *Scales, Loughran & Shaw,* for appellant.

*Max M. Bergad,* for appellee.

OPINION BY KENWORTHEY, J., July 16, 1943:

The Board of Viewers assessed damages for the taking of part of appellant's farm in Sewickley Township,

Westmoreland County, and the Township appealed. The common pleas jury assessed damages in the amount of $100. The court subsequently entered judgment n.o.v. This appeal followed.

The taking of appellant's property resulted from the widening of a public road on which the farm fronted. The evidence indicated, and the jury so found, that the widening was done in 1934 and 1935. Prior to the widening, the road was 10 or 12 feet wide and apparently was only 12 to 14 feet wide afterwards. Appellant contended that a ten-foot strip of her land along the entire frontage of the road was taken. Although it is not entirely clear, this apparent discrepancy may be explained by the fact that, although the travelable portion of the highway was widened by only a few feet, its location was shifted onto appellant's property.

There was evidence that the highway had never been formally opened or dedicated for public use but that it had been used for public travel and maintained by township funds for a period of at least twenty-one years. The Township's defense in the court below, which induced the court to enter judgment n.o.v., was based upon the contention that by the provisions of Section 1105, Act of 1933, May 1, P. L. 103, 53 PS §19093-1105, the road was automatically deemed to have a width of at least 33 feet and that the township was, therefore, authorized and empowered to take appellant's land in order to, in fact, make it that width without any obligation to compensate for it.

It is not now necessary for us to pass upon the application of this act. In a supplemental brief filed subsequent to the oral argument in this court, the Township has removed the matter from our consideration. The opening words of the brief are: "Counsel for appellee, township, after further research and reflection, is now of the opinion that Section 1105 of the Township Code of May 1, 1933, P. L. 103, 53 Purdon's Statutes,

19093, is not applicable to the instant case ......"

Appellee argues, however, that the judgment n.o.v. should be affirmed on the ground that appellant failed to make out a case for the jury on the question of damages

To say the least, the evidence was meager. But, in our opinion, it was adequate. David L. Henry testified that he had been familiar with the property and other properties in the neighborhood for a period in excess of twenty years; that although the house had burned down in 1921, as a result of which he was compelled to move, there remained standing a stable and a garage, and that the widening of the road caused both of these buildings to be demolished and also destroyed twelve or thirteen fruit trees and a wire fence which had been on the part of the property taken; that the value of the property prior to the taking was about $800 and afterwards it was $100. This testimony was corroborated in almost every detail by a neighbor who had lived in the vicinity for about twenty-five years, and to a lesser extent by appellant's son-in-law who was called as a rebuttal witness.

Testimony of the loss of the value of the land resulting from the taking was given without objection although the qualifications of the witnesses were not very fully developed. But the Supreme Court in *Westinghouse Air Brake Co. v. Pittsburgh,* 316 Pa. 372, 176 A. 13, pointed out that loss of value may be shown by persons generally acquainted with the values of property in the vicinity and that an appellate court will not reverse because the witness's qualifications are not fully brought out where defendant was not denied opportunity to cross-examine before the testimony was taken. Having failed to object to the evidence, we think it was properly submitted to the jury and that it was adequate to support the very moderate verdict.

The judgment is reversed and entered on the verdict.