### ATWATER KENT MFG. CO. v. UNITED STATES.
Civil Action No. 1613.

District Court, E. D. Pennsylvania.
Dec. 31, 1943.

Russell Conwell Cooney (of Mancill, Cooney & Ott), of Philadelphia, Pa., for plaintiff.

C. James Todaro, Sp. Asst. to Atty. Gen., and Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., for defendant.

BARD, District Judge.

Defendant, the United States of America, filed a motion for a new trial, following a jury verdict for the plaintiff in the sum of $190,000.

Plaintiff, Atwater Kent Manufacturing Company, was the owner of 19.6964 acres of land situated in Philadelphia. This land was acquired by condemnation proceedings by the United States for public use.

The issue at the trial was the value of the land at the time of taking on June 30, 1941. For the plaintiff, witness Solis-Cohen valued the land at $235,000, witness Massey at $236,350, and witness Mueller at $226,481. For the defendant, witness Priestman valued the land at $100,000, and witness Johnson at $88,600.

No exceptions were taken to the Court's instructions to the jury. Defendant contends, however, that "the court erred in denying the Government's objection to the competency of the witness Harold P. Mueller, and its two motions to strike his testimony."

Mr. Mueller testified that he is a registered professional engineer, a graduate of Purdue University; for approximately twenty years he has been in the building business in the Philadelphia area, during which period he built approximately 2,000 houses, and in that business had occasion to purchase real estate, develop real estate, and sell houses to home buyers; that he was familiar with the ground taken in this case by the government; was familiar with the cost of ground in this general area; had inspected the ground for several weeks at the time of the taking. After the government took the ground, and before any changes were made, he inspected the ground minutely with the view of submitting a bid for work upon the ground. He testified that he was familiar with certain sales in the vicinity and mentioned them by name. He was familiar with all sales and purchases of ground in the locality during that period, and he was familiar with the lines and grades of the property, with the street improvements that bounded the property, the width of the streets surrounding the property and the zoning regulations affecting the property. In fixing the value he took into consideration the surrounding area of this property, the industries and homes that surrounded the property, the sales of comparable property in that area, his knowledge of sales gained by twenty years experience in Philadelphia, the transportation facilities available, and the available facilities of schools and churches. Considering all these factors, he placed a value upon the ground at the time of taking of $226,481.

The defendant's contention cannot be sustained. The testimony of the witness Mueller was competent and of assistance to the jury in determining the fair compensation to be awarded the land owner. The witness was examined and cross-examined preliminarily as to his competency and I think he met the test as defined

by the Supreme Court of Pennsylvania in Markowitz v. Pittsburg & C. R. Co., 216 Pa. 535, 537, 65 A. 1097, 1098: "We have said that an essential test of the competency of witnesses, called to give an opinion as to the market value of land, is that they affirmatively appear to have actual personal knowledge of the facts affecting the subject-matter of the inquiry. Michael v. Crescent Pipe Line Co., supra [159 Pa. 99, 28 A. 204]. The witness should have some special opportunity for observation, and, to a reasonable extent, have in his mind the data from which a proper estimate of value ought to be made. Pittsburgh V. & C. Ry. Co. v. Vance, 115 Pa. 325, 8 A. 764. He should be familiar with the property upon which he is asked to fix a value, its area, the uses to which it may be put, the extent and condition of its improvements, and, in addition thereto, should have some knowledge of values in the neighborhood and the general selling price of property in the locality at or near the time of the appropriations. Friday v. Pennsylvania R. Co., 204 Pa. 405, 54 A. 339. As we read the testimony of the witnesses whose competency has been objected to, these requirements have been reasonably met." See also Pittsburg, V. & C. Ry. Co. v. Vance, 115 Pa. 325, 332, 8 A. 764; Reed v. Pittsburg, C. & W. R. Co., 210 Pa. 211, 213, 59 A. 1067.

The witness was then examined and cross-examined within the scope of the language of Mr. Justice Simpson defining the rule of the Pennsylvania Supreme Court in McSorley v. School Dist. of Avalon Borough, 291 Pa. 252, 255, 139 A. 848, 850: "After an expert witness has been examined and cross-examined as to his competency, and has, in addition, been so interrogated as to show fully the extent of his knowledge regarding the value of the property taken, in order that the jury may be able to determine what weight shall be given to his testimony, the only other questions in chief should be as to his opinion of the value of the property, in its entirety, before and after the taking. The cross-examination may, of course, cover a wider field. 'In fact, any and every *pertinent* question may be put to him on cross-examination which will enable the jury to place a fair estimate upon his testimony as to the damages sustained by the plaintiff.' "

■ In accordance with this rule, Government counsel was given wide latitude on cross-examination and the witness was subjected to a rigid cross-examination. Government counsel assumed the witness to be a possible purchaser for the property and framed his questions to compel the witness to say how he would develop it.

The following took place (Record 117):

"By Mr. Todaro:

"Q. And that is the scheme you were going to put into operation if you had obtained this land for yourself? A. Yes, sir."

Thereupon the Government moved to strike out all of the testimony of the witness.

The evidence given in chief by the witness was competent to be submitted to the jury and its competency was not destroyed by anything that occurred in cross-examination. In Cronmuller v. Evening Telegraph, 232 Pa. 14, 17, 81 A. 58, 59, the Supreme Court of Pennsylvania said: "Where the testimony, whether of the plaintiff or his witnesses, is contradictory, and on one part of it he is entitled to go to the jury, and on another part he is not, it is for the jury to reconcile the conflicting statements and to say which shall prevail. Ely v. Pittsburgh, C., C. & St. L. Ry. Co., 158 Pa. 233, 27 A. 970; Glase v. City of Philadelphia, 169 Pa. 488, 32 A. 600; Danko v. Pittsburg Rys. Co., 230 Pa. 295, 79 A. 511."

■ I think the case was fairly tried and any error or defect that may be present in no way affected the substantial rights of the parties and must therefore be disregarded. Rule 61, Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ Finally, defendant contends the verdict was excessive. In my instructions to the jury I said:

"On the testimony in this case I do not think you can properly bring in a verdict of less than $88,600.00, the lowest figure given by a witness for the defendant.

"On the other hand, J. Solis-Cohen, Jr., a witness for the plaintiff, gave the figure of $235,000.00. Mr. Maurice R. Massey, another witness for the plaintiff, gave the figure of $236,350.00. Harold P. Mueller gave you the figure of $226,481.00.

"I do not believe that it would be proper to bring in a verdict for more than $236,-350.00, the highest amount given by any witness for the plaintiff. Your verdict should be somewhere between $88,600.00 and $236,350.00, or at either of those two figures. You may accept either figure un-

der the evidence in this case, or place your finding where you think proper between them, depending upon the testimony of the whole case. However, you jurors may reject in toto the opinion of any witness you may disbelieve; and this is so whether that opinion is contradicted or not."

No exceptions were taken by either party to any of the instructions to the jury and I do not see under Rule 51 of the Rules of Civil Procedure how at this late date the defendant can assign as error on the grounds of being excessive a jury verdict of $190,000.

Defendant urges the Court to consider the amount awarded by the viewers—an amount less than the jury award—as substantiation of its contention that the verdict is excessive. That suggestion must be rejected because the record made before the viewers is not before this Court. The appeal by the government from the findings of the viewers started the proceedings de novo in this Court. The verdict of the jury was amply sustained by substantial and competent evidence. Whether or not the government is now satisfied with the award of the viewers, with which it was formerly dissatisfied, it has pointed to nothing in the record before this Court, that would justify me in disturbing the verdict of the jury.

The motion for new trial is denied.