## Stanley Company of America, Inc. Tax Assessment Case.

Argued November 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before SOFFEL, J., without a jury.

*T. Robert Brennan,* with him *Harvey E. Robins,* and *Brennan and Brennan,* for appellant.

*John F. Murphy,* Assistant County Solicitor, with him *Maurice Louik,* County Solicitor, for Allegheny County, appellee.

OPINION BY ERVIN, J., December 14, 1961:

This is an appeal from the order of the court below dismissing the appeal of Stanley Company of America, Inc. from the determination of assessment by the Board of Property Assessment, Appeals and Review of Allegheny County, Pennsylvania.

The appellant owns a lot 51.84 feet by 132 feet, located at 907-911 Wood Street in the Borough of Wilkinsburg, Allegheny County, Pennsylvania, upon which there exists a theater building. Along the Wood Street frontage are two small store rooms, presently being

used as a jewelry store and cleaning shop, and the lobby entrance to the theater and a dental office above the lobby. The main portion of the structure consists of a stage at the extreme rear of the building and dressing rooms, a lobby for theater patrons to enter and a seating capacity of 570 seats on the first level and 415 in the balcony. Recently the building has been used primarily for a moving picture theater.

The assessor for the triennial years 1959, 1960 and 1961 assessed the property as follows: lot, $42,460.00; theater building, $53,000.00. On appeal to the Board of Property Assessment, Appeals and Review of Allegheny County the assessment was fixed as follows: lot, $42,460.00; theater building, $42,000.00. The owner appealed from this assessment to the Court of Common Pleas of Allegheny County and, after hearing, that court dismissed the appeal. Exceptions were filed to the findings of fact, discussion and order. The exceptions were dismissed by the court below and the owner then took this appeal.

In this type of case, the findings of fact of the court below have great weight and we will not set them aside unless clear error is made to appear: *Chatfield et al. v. Board of Revision of Taxes*, 346 Pa. 159, 161, 29 A. 2d 685.

The record of assessment, made by proper officers, approved by the board of revision, is prima facie evidence on appeal to the court below of the value of the property; it will be conclusive unless the evidence to rebut it establishes to the satisfaction of the court a different value: *Westbury Apartments, Inc. Appeal,* 314 Pa. 130, 170 A. 267.

The principal contention of the appellant is that the court below improperly excluded the testimony of B. J. Steerman as to the market value of the property. The court, over objection, permitted Mr. Steerman to testify but upon reconsideration of the case, when pre-

paring its opinion, struck his testimony from the record. Mr. Steerman was neither the owner nor an officer of the company which owned the property. Neither was he a real estate broker. His entire business life has been spent in the field of accountancy and in the management of theaters. He was assistant general manager for the owner, assisting in the operation of all the theaters of the owner.

An owner of real estate may testify as to the market value of his real estate if he has a personal knowledge of the property, with a reasonable opportunity to observe its area, the uses to which it may be put, the extent and condition of any improvements thereon, and possesses sufficient knowledge from which to form an opinion: *Westinghouse Air Brake Co. v. Pittsburgh,* 316 Pa. 372, 376, 176 A. 13; *Chauvin v. Superior Fire Insurance Co.,* 283 Pa. 397, 401, 129 A. 326; *Markowitz v. Railroad Co.,* 216 Pa. 535, 65 A. 1097; *Barron's Use v. United Railway Company,* 93 Pa. Superior Ct. 555.

We are of the opinion that the exclusion of this witness's testimony by the court below could be justified because of the fact that he was not an owner nor was he an officer of the owner nor did he reveal any special knowledge concerning this particular property. In addition thereto, he formed his opinion as to market value on a false premise. He treated the property as though there were no building on the site and as if it were a vacant lot. This he could not do. He was obliged to value the property as it actually was on the first day of January 1959, at which time it contained a building, as hereinbefore described. For a case similar to the present one, see *Hendel Appeal,* 403 Pa. 635, 170 A. 2d 109. In that case Hendel contended that the board should have considered his intention to completely raze and demolish the theater portion of the premises, since he had actually started the demolition prior to January 1 and proceeded expeditiously to complete the demoli-

tion in April. Our Supreme Court held that the court below was correct in requiring that the value placed on the building for assessment purposes be determined as of January 1.

The only other witness presented by the appellant was Mr. Frank T. Trohaugh, a realtor. He likewise considered the property as if the building had been razed. He testified as follows: "A. The building was specifically built as a theatre and that is all it can be used for and that puts it in a category of a special purpose building. BY MR. BRENNAN: Q. With these special purpose buildings, in your opinion, if they are no longer economically usable as theatre buildings, what in your opinion must be done with these buildings in order to use the land? . . . A. The structure must be razed." He also testified that in his opinion the building was worth only $20,000.00 but that the reproduction cost of the building would be "somewhere between 290 and 300 thousand. . . ." In cross-examination Mr. Trohaugh cited one sale in the neighborhood. When pressed for details he admitted that he had no personal knowledge of the sale. His knowledge was based on hearsay. He did not know who the present owner was nor did he know the sale price of that building. He admitted on cross-examination that the Colonial Theater building, which was next door to the subject property, had been converted from a theater building to business properties although he testified in direct examination that this could not be done with a theater building.

We are of the opinion that the appellant did not meet the burden of producing evidence to show that the assessment made by the taxing authorities was not a proper one nor are we convinced that the court below committed error.

Order affirmed.