## Lamont v. The Pennsylvania Railroad Co.

*Edward L. Wolf*, for plaintiff.

*George J. O'Neill*, for defendant.

HAGAN, P. J., July 26, 1966.—This matter is before us on petitions and rules by defendant to show cause why the above captioned actions should not be marked settled, discontinued and ended. While there are three separate actions, they involve precisely the same issue and, accordingly, shall be treated as one.

This is a Federal Employers Liability Act (FELA) case brought under the Pennsylvania Survival Statute of April 18, 1949, P. L. 512, as amended, 20 PS §320.601. At a settlement conference, counsel for plaintiff and defendant agreed upon a sum in settlement of the action. Defendant's counsel then mailed plaintiff's counsel a release for execution by plaintiff and, in the accompanying letter, stated that a draft would be sent upon receipt of the executed release, together with a short certificate, an order of court approving the settlement and an order to mark the case settled, discontinued and ended. The requested documents were never sent by plaintiff's counsel to defendant's counsel, but, to the contrary, plaintiff refused to honor the settlement. Defendant then filed the petitions which are presently before us.

When the case was initially argued, the sole issue raised and argued by both counsel was whether in a Pennsylvania survival action a settlement is final and enforceable until court approval is obtained. We found, upon the basis of Pennsylvania law, that the settlement of a survival action, unlike a wrongful death action, is not final and binding until court approval is obtained. For this reason, we discharged defendant's rule to compel plaintiff to honor the settlement.

Defendant then filed a petition for reargument, citing law to the effect than when an FELA action is brought in a State court, Federal law is applicable, and not State law. Defendant further cited cases to the effect that an FELA action is similar to a wrongful death action in which the personal representative sues solely in a representative capacity, and court approval is not required. We granted defendant's petition for reargument and vacated our prior order discharging defendant's rule.

At the reargument, defendant cited numerous cases supporting the allegations in his petition for reargument, and if the issue raised in defendant's petition for reargument were the controlling issue, we would be compelled to find for defendant.

Plaintiff, however, has cited another point of law which we believe is controlling and which requires discussion. Plaintiff contends that the settlement negotiations between plaintiff and defendant never ripened into a contract of settlement and that, therefore, defendant cannot compel plaintiff to honor a settlement which was never consummated. In support of this contention, plaintiff cites Parsons Brothers Slate Company v. Commonwealth, 418 Pa. 389, and Meier v. The Texas Company, 168 F. Supp. 119 (E. Dist. of Pa.).

In the Parsons case, plaintiff was a property owner whose land was taken by the State Highway Department. Plaintiff's counsel wrote the Highway Department, stating that plaintiff would accept $65,000 for its damages if the settlement was processed promptly. The letter further stated that it was without prejudice to plaintiff's right to press for damages if settlement was not effected within a reasonable time. Within six days after receipt of said letter (which the court held was a reasonable time), the Commonwealth sent to plaintiff's attorney a deed of release

and quit-claim, stating a consideration of $65,000. Plaintiff refused to sign the deed and proceeded before a board of view. The Commonwealth contended that upon delivery to plaintiff's attorney of the deed of release and quit-claim, it had accepted plaintiff's offer to settle for $65,000, and that, accordingly, a settlement contract existed, precluding plaintiff from proceeding before the board of view. The Supreme Court held that when the Commonwealth sent plaintiff's attorney a release, this constituted a conditional acceptance of plaintiff's offer of compromise, and that until the release was signed by plaintiff, defendant could have withdrawn its acceptance of plaintiff's offer, and, conversely, plaintiff could have withdrawn its offer. Therefore, the Supreme Court held that no final contract of settlement ever came into effect.

The Meier case, supra, is even stronger in support of plaintiff's contention. There, plaintiff's counsel notified defendant's counsel that plaintiff would accept $600 in settlement of plaintiff's personal injury claim. Defendant's counsel sent plaintiff's counsel a letter stating that he was authorized to settle for $600. The letter contained a release for plaintiff's signature, which plaintiff signed. Although the release stated that plaintiff had received $600, in fact he had not. Plaintiff's counsel then mailed the signed release to defendant's counsel, along with a stipulation which he had signed to dismiss the case, together with a request that the check be made payable to plaintiff's counsel as attorney for plaintiff. Instead, defendant's counsel sent plaintiff's counsel a check payable to plaintiff and his counsel jointly, and printed on the reverse side of the check was a form of release. The letter accompanying the check stated that it was in full and final settlement of plaintiff's claim, and defendant's counsel filed the stipulation of dismissal. Plaintiff, a seaman, was at sea at the time the check was received by his attor-

ney and, therefore, could not endorse it at that time. When he returned, he discovered that his injury was more serious than he had first thought, and he refused to endorse the check. Plaintiff's counsel then wrote defendant's counsel, returning the check and asking for the return of the executed release and for the joinder of defendant's counsel in setting aside the stipulation of dismissal. Defendant refused, whereupon plaintiff filed a petition to set aside the stipulation of dismissal. The court granted plaintiff's petition, holding that had defendant sent a check payable to plaintiff's attorney, as requested, at that point a contract of compromise would have been completed. When, however, defendant sent a check payable jointly to plaintiff and plaintiff's counsel, which check contained a release, this indicated an intention that settlement not be completed until the check had been endorsed by both payees. Therefore, concluded the court, no contract of compromise ever came into effect, since plaintiff had never endorsed the check.

When the law set forth in the Parsons and Meier cases is applied to the facts in the instant case, it is clear that here, too, no contract of compromise was ever consummated. This is evidenced by the fact that after a sum was agreed upon, defendant's counsel not only mailed releases to plaintiff's counsel for execution by plaintiff, but, in addition, he stated in the accompanying letter that defendant's draft would be paid upon receipt of the executed releases, a short certificate, a court order approving the settlement and orders to mark settled, discontinued and ended. Defendant's acceptance, therefore, just as in the above cited cases, was conditional. Anytime prior to the performance of these conditions, defendant could have withdrawn its acceptance. Conversely, at any time prior to the performance of the conditions, plaintiff could also withdraw her offer. Negotiations, therefore,

never ripened into a contract of compromise settlement.

For the foregoing reasons, defendant's rules to show cause why the above captioned actions should not be marked settled, discontinued and ended are hereby discharged.