**Marcari v. Kaufman**

*Marvin W. Factor* and *Stanley P. Stern*, for plaintiffs.

*Albert E. Hart, Jr., John J. O'Brien, Jr.* and *Ronald L. Collier*, for defendants.

SPORKIN, *J.*, June 21, 1978—In its present posture, this matter comes before us pursuant to a petition by plaintiffs, Lena Macari and Augustine Macari, husband and wife, for reconsideration of an order by this court which granted the petition of their former counsel to compel consummation of a settlement agreement previously announced to the court. Upon consideration of the petition, the response, the briefs and the arguments of counsel, as well as the record, it is our conclusion that the petition must be granted and the order vacated.

Plaintiffs were involved in an automobile accident on September 24, 1969, in which Lena Macari ("wife plaintiff") suffered injuries which continue to this day. Plaintiffs retained their former counsel to represent them in a personal injury action in February of 1970, and suit was instituted eight months later.

As a result of the accident, wife plaintiff was thrown from her car and suffered many thousands of dollars of losses in medical bills and lost earnings. As the litigation unfolded, however, certain problems of proof were highlighted, in terms of establishing injury causation. Thus on March 2, 1977, after extensive in-court, off-the-record negotiations, the parties announced that the matter was ostensibly settled, under the terms and conditions of which agreement plaintiff would sign the usual release of defendants and payment would be made.

The very next day plaintiffs informed their former counsel that their decision to end the case by settlement had been a wrong one and attempted to convey their revocation of approval of the settlement. Plaintiffs never signed the releases proffered by defendants and did not accept the settlement proceeds.

Thereafter, the former counsel of plaintiffs petitioned to compel settlement in accordance with the originally agreed-upon terms. The petition was granted, and plaintiffs petitioned for reconsideration. We decided that our original order did require reconsideration, as stated, and thus turned to a review of the merits of that order and the circumstances which generated it.

Upon review of the relevant testimony, we have come to agree with the contention of current counsel for plaintiffs that they were inordinately pressured by their former counsel, and were awed by their surroundings so that their decision to enter into a settlement agreement was not well-considered. The testimony of wife plaintiff, particularly when coupled with the physical gestures and

expressions of plaintiffs which do not appear of record but which were viewed by this court at the hearing on the petition to compel settlement, further reaffirm this conclusion. Wife plaintiff testified, uncontradicted, that she continued to tell her then counsel that she did not want to accept this settlement but acceded because of pressure from him and because he said he would not represent her in a jury trial.*

We do not wink at such inconvenience of all counsel as results from a party's reneging on a settlement agreement. Nor do we fully accept the legal argument of counsel for petitioners-plaintiffs to the effect that a court should disregard a settlement agreement announced in open court simply when "equitable considerations" favor such a result. We do believe, however, that these equitable considerations *when coupled with the law of assumpsit*—which is at the heart of this matter— compel such a conclusion here, for we believe this situation to present an executory contract of accord without subsequent satisfaction.

In Lamont v. The Pennsylvania Railroad Co., 42 D. & C. 2d 131, 135 (1966), then President Judge Hagan was presented with a petition by defendant for a rule to show cause why the action should not be marked settled, discontinued and ended. At a

---

*Plaintiffs' prior counsel did not take the stand in the present proceedings to refute this testimony of plaintiffs, despite being invited to do so by the court. There has been no material change in position by defendants, except for the wasted time of court and counsel inherent in bringing a case to trial with its attendant preparation, and then not completing the hearing due to a proper belief that the matter had been resolved, only to be faced with the required repetition of such efforts for a future retrial of this matter.

settlement conference, counsel for the respective parties had agreed upon settlement for a sum certain, and defendant's counsel then mailed plaintiff's counsel a release, stating that a draft would be sent upon receipt of the executed release. Plaintiff refused to honor the settlement and the documents were not sent to defendant by plaintiff. Under those facts, the court held that no contract of compromise was ever consummated, reasoning that acceptance of a settlement agreement in such a case is a conditional one, and any time prior to the performance of those conditions the acceptance may be withdrawn. See also Parsons Bros. Slate Co. v. Com., 418 Pa. 389, 392-393, 211 A. 2d 423 (1965); Meier v. The Texas Company, 168 F. Supp. 119, 123-124 (E.D. Pa. 1958).

Similarly, in Merchants National Bank of Allentown v. Fidelity Mutual Life Ins. Co., 69 D. & C. 2d 449 (1974), plaintiff's decedent had entered into a life insurance contract with defendant. After his death, plaintiff made demand upon defendant for the payment of the proceeds, but defendant denied the claim. Negotiations between counsel resulted in acceptance and approval by plaintiff of a settlement agreement. Later that day, however, plaintiff's attorney notified defense counsel that plaintiff was not willing to be bound by the earlier discussions. Defense counsel attempted to deliver the settlement funds, but the check was refused.

The court held that there was not a binding agreement of compromise on those facts, but merely an executory accord which could be revoked at any time before satisfaction, citing 1 P.L.E., Accords and Compromises, sec. 59; 69 D. & C. 2d, supra, at 451-452. Where, as here, *performance* of the promise rather than the promise itself was to be

accepted in satisfaction of the obligation and accord without satisfaction results, and until satisfaction (here, acceptance of payment and the signing of the appropriate release) the accord is revocable at the pleasure of either party: id., at 451-452. See also, Nash v. Atlantic White Tower System, Inc., 404 Pa. 83, 89, 170 A. 2d 341 (1961). But see, Gross v. Penn Mut. Life Ins. Co., 396 F. Supp. 373 (E.D. Pa. 1975).

We have also examined the precedents cited by counsel for defendant in response to this petition for reconsideration, but find them inapposite here. Those decisions merely establish that where the executory accord has ripened to a "mature" contract of compromise, that contract may be enforced. As discussed heretofore, however, such is not the factual situation here.

In sum, we do not wish our discussion here to be taken as carte blanche by settling parties to blithely disregard their obligations under agreements so laboriously reached, but we do believe that in the circumstances of *this* matter, the Lamont/ Merchants National Bank of Allentown rule must be applied. Accordingly, in light of the foregoing discussion, we enter the following

## ORDER

And now, June 21, 1978, upon the petition of plaintiffs, Lena Macari and Augustine Macari, for reconsideration of the order of this court compelling consummation of a settlement agreement previously reached in this matter, such prior order is hereby vacated, and the said petition to compel settlement is thus denied and dismissed.