Maria Mendez and MH&I, LLC, : 
                        Appellants : 
                           : 
              v. : 
                           : 
City of Philadelphia, Philadelphia : 
Vacant Property Review Committee, : 
City of Philadelphia Office of Housing : 
and Community Development, City of : 
Philadelphia Commissioner of Public : 
Property Bridget Collins-Greenwald :   No. 1176 C.D. 2016
and Sarah Gearhart : 

Maria Mendez and MH&I, LLC, : 
                        Appellants : 
                           : 
              v. : 
                           : 
City of Philadelphia, Philadelphia : 
Vacant Property Review Committee, : 
City of Philadelphia Office of Housing : 
and Community Development, City of : 
Philadelphia Commissioner of Public : 
Property Bridget Collins-Greenwald :   No. 1600 C.D. 2016
and Sarah Gearhart :   Argued: May 2, 2017

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                         FILED: August 1, 2017

       Maria Mendez and MH&I, LLC (MH&I) (collectively, Mendez) appeal

from the Philadelphia County Common Pleas Court's (trial court) June 6 and August

17, 2016 orders[1] entering judgment in favor of the City of Philadelphia (Philadelphia), the Vacant Property Review Committee (VPRC), Philadelphia Housing and Community Development (HCD), Philadelphia Public Property Commissioner Bridget Collins-Greenwald (Commissioner) and Sarah Gearhart (Gearhart) (collectively, City). Mendez presents three issues for this Court's review: (1) whether the trial court erred by finding in the City's favor before it received or reviewed the parties' Proposed Findings of Fact and Conclusions of Law; (2) whether Philadelphia breached a valid and enforceable contract with Mendez to sell the vacant lot located at 1707 North Orianna Street, Philadelphia (Orianna Property) to Mendez and/or breached a valid and enforceable contract in which Philadelphia agreed to forward Mendez' application to purchase the Orianna Property to the next step in the process for the sale of Philadelphia-owned property; and (3) whether Philadelphia should be enjoined from selling the Orianna Property to Gearhart because the VPRC abused its discretion by arbitrarily recommending that the Orianna Property be sold to Gearhart after previously recommending that the Orianna Property be sold to Mendez. After review, we affirm.

Philadelphia owns the Orianna Property, which is adjacent to 1704 North 3rd Street, Philadelphia (Mendez Property). Maria Mendez lives at the Mendez Property which is owned by MH&I.[2] On the other side of the Orianna Property is 1708 North 3rd Street, Philadelphia (Gearhart Property), which Gearhart owns and uses as her primary residence.

In 2006, Gearhart first attempted to purchase the Orianna Property by submitting an application to Philadelphia. In 2008, Philadelphia responded and offered to sell the Orianna Property to Gearhart for $14,000.00, a proposal which

---

[1] The appeal from the trial court's June 6, 2016 order is docketed at Pa. Cmwlth. No. 1176 C.D. 2016, and the appeal from the trial court's August 17, 2016 order is docketed at Pa. Cmwlth. No. 1600 C.D. 2016. This Court consolidated the actions on November 3, 2016.

[2] Maria Mendez is the sole member of MH&I. *See* Reproduced Record at 530a, 625a.

2

Gearhart rejected. No further action appears to have been taken until May 2012 when Gearhart reapplied to purchase the Orianna Property. Thereafter, on October 4, 2012, Maria Mendez submitted an application to purchase the Orianna Property. VPRC scheduled a meeting for February 19, 2013 to consider these pending applications. However, the VPRC adjourned the meeting because Gearhart did not appear and Maria Mendez had a property tax-related issue that she needed to address. The VPRC rescheduled the meeting to August 13, 2013. Maria Mendez attended, but Gearhart did not. At the August 2013 meeting, the VPRC recommended that Philadelphia sell the Orianna Property to Maria Mendez. Thereafter, HCD employee and VPRC member Susie Jarmon (Jarmon) sent a letter to Maria Mendez dated August 29, 2013 (August 29, 2013 Letter), which stated:

> Dear Ms. Mendez:
>
> I write to confirm your interest in purchasing the [Orianna Property].
>
> We anticipate selling the [Orianna P]roperty for the appraised value of $5,866.00. With the inclusion of the processing fees and settlement costs[,] your total acquisition cost may be $6,610.64.
>
> Please understand that these are estimates of costs - the Board of Directors of the Philadelphia Redevelopment Authority and the [Commissioner] must approve the final sales price.
>
> If you are still interested in purchasing the [Orianna Property] for the cost estimate provided here, please provide your affirmation of interest below:
>
> . . . .
>
> Also enclosed with this letter is a Conflict of Interest form, which must also be completed. Please return it with a signed copy of this letter and two pieces of identification. Acceptable forms of identification are driver's license[,] social security card, passport or employment identification. We also need a copy of your Articles of Incorporation and

3

your tax identification number.  We need a contact person name and phone number.

Please return these documents in 10 business days to confirm your interest in this property.

Reproduced Record (R.R.) at 691a-692a.

On September 10, 2013, Mendez signed and returned the August 29, 2013 Letter, as well as the Tax Status Certification Request and a Conflict of Interest Form.  For reasons not set forth in the record, on October 8, 2013, the sale of the Orianna Property was back on the VPRC's agenda, but the matter was now scheduled for review by the Real Estate Review Committee.  After Mendez refused to agree to a compromise proposal under which the Orianna Property would be subdivided to allow both Gearhart and Mendez to each purchase a portion, the VPRC held a meeting on May 13, 2014, at which its members voted to recommend a competitive sale of the Orianna Property.  Following this recommendation, Philadelphia Councilwoman Quinones-Sanchez's (Councilwoman) staff member Jennifer Kates (Kates) e-mailed Jarmon that the Councilwoman would only support the subdivision proposal or a sale of the entire Orianna Property to Gearhart as the first applicant, rather than a competitive bidding process.  The VPRC held another meeting on January 13, 2015 to reconsider the applications and hear arguments from both Mendez and Gearhart.  After both parties had the opportunity to be heard before the VPRC, the VPRC recommended that the first application by Gearhart be approved and the Orianna Property be sold to her.

On February 6, 2015, Mendez filed a Complaint with the trial court seeking to have Philadelphia enjoined from selling the Orianna Property to Gearhart, and to direct Philadelphia to sell the Orianna Property to Mendez.  On March 2, 2015, Gearhart and Philadelphia each filed preliminary objections to the Complaint.  On March 23, 2015, Mendez filed an Amended Complaint.  Therein, Mendez expanded

4

on the substance of the previous Complaint by requesting that the August 29, 2013 Letter be deemed a valid, binding contract between Mendez and Philadelphia, which should have then been transmitted to the Philadelphia Redevelopment Authority. On April 13, 2015, both Gearhart and Philadelphia filed preliminary objections to the Amended Complaint, to which Mendez responded by filing a Second Amended Complaint on May 4, 2015, requesting the same relief as in Mendez' Amended Complaint. Philadelphia and Gearhart filed preliminary objections to the Second Amended Complaint on May 26 and May 28, 2015, respectively. By July 10 and July 13, 2015 orders, the trial court overruled their preliminary objections, and gave the City 20 days to answer the Second Amended Complaint. On August 14, 2015 and August 27, 2015, respectively, Gearhart and Philadelphia answered Mendez' Second Amended Complaint.

On April 20, 2016, the parties appeared before the trial court for a bench trial. However, after briefly discussing the case, the parties agreed that there were no factual issues, and stipulated that the sole issue was whether the August 29, 2013 Letter constituted a valid, binding contract between Philadelphia and Mendez. The trial court asked the parties to submit proposed findings of fact and conclusions of law in support of their claims. On May 4, 2016, the trial court entered judgment in the City's favor. On May 16, 2016, Mendez filed a Motion for Post-Trial Relief, therein arguing that: the trial court issued its ruling before the submission deadline for the aforementioned proposed findings and conclusions; the evidence clearly showed Philadelphia had breached its contract with Mendez; and the VPRC acted improperly.

By May 18, 2016 order, the trial court vacated its May 4, 2016 order to allow for review of the parties' respective Proposed Findings of Facts and Conclusions of Law. On June 6, 2016, the trial court again entered judgment in the City's favor. On June 16, 2016, Mendez filed a second Motion for Post-Trial Relief. On July 6, 2016, Mendez appealed to this Court from the trial court's June 6, 2016

5

order. On August 17, 2016, the trial court denied Mendez' second Motion for Post-Trial Relief. On September 16, 2016, Mendez appealed to this Court from the trial court's August 17, 2016 order.[3]

Mendez first argues that the trial court erred by finding in the City's favor before it had received or reviewed the parties' timely-filed Proposed Findings of Fact and Conclusions of Law; thus this Court should vacate the trial court's June 6 and August 17, 2016 orders and order a new trial. We disagree.

We acknowledge that at the April 20, 2016 hearing, the trial court directed the parties to file Proposed Findings of Fact and Conclusions of Law within two weeks. *See* Notes of Testimony, April 20, 2016 (N.T.) at 22. The trial court further directed that it would "issue a ruling shortly thereafter . . . ." N.T. at 23. However, on the 14th day, May 4, 2016, the trial court issued an order entering judgment in favor of the City before any of the parties filed their Proposed Findings of Fact or Conclusions of Law.[4] Thereafter, on May 16, 2016, Mendez filed a post-trial motion alleging, *inter alia,* that the trial court deprived Mendez of the opportunity to present a case. By May 23, 2016 order, the trial court granted

---

[3] In its Opinion, the trial court stated that Mendez' first appeal was premature because the trial court did not deny Mendez' post-trial motions. *See* Trial Court Op. at 6 n.12. However, the trial court's June 6, 2016 order entered judgment, thereby beginning the time period from which to appeal. *See* Pa.R.A.P. 301. Thus, technically, the trial court lacked jurisdiction to rule on the post-trial motions thereafter. *But see Oak Tree Condo. Ass'n v. Greene,* 133 A.3d 113, 116 (Pa. Cmwlth. 2016) ("[W]here a trial has taken place and timely post-trial motions have been filed pursuant to [Pennsylvania] Rule [of Civil Procedure No.] 227.1, the appeal period does not begin to run until the trial court has issued a decision on the post-trial motions."). Notwithstanding, because Mendez timely appealed from both orders, and the appeals have been consolidated, this Court has jurisdiction to rule on the issues before it.

"When reviewing the trial court's denial of post-trial motions, our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law." *Linder v. City of Chester,* 78 A.3d 694, 696 n.2 (Pa. Cmwlth. 2013) (quoting *Commonwealth ex rel. Corbett v. Manson,* 903 A.2d 69, 73 n.4 (Pa. Cmwlth. 2006)).

[4] The trial court filed its order at 3:21p.m. However, Maria Mendez; Philadelphia, the Commissioner, HCD, and VPRC; and Gearhart filed their Proposed Findings of Fact and Conclusions of Law at 4:42 p.m., 5:00 p.m., and 5:03 p.m., respectively.

6

Mendez' post-trial motion in part and vacated its May 4, 2016 order. The trial court stated: "This court will issue a new order disposing of this action after consideration and review of the parties' respective proposed findings of fact and conclusions of law." R.R. at 528a. On June 6, 2016, the trial court entered the following order:

> After thorough consideration of the entire case record, **including the parties' proposed findings of fact and conclusions of law**, this court again rules that the [August 29, 2013 L]etter sent by [Jarmon] to Maria Mendez does not constitute a legal, enforceable contract that binds [Philadelphia] to sell the [Orianna Property]. Accordingly, judgment is entered[5] in favor of [the City].

R.R. at 1268a (emphasis added).

Given the trial court's May 23, 2016 order vacating its May 4, 2016 order, and the trial court's June 6, 2016 order, wherein it expressly stated that it considered "the parties' proposed findings of fact and conclusions of law," R.R. at 1268a, Mendez is not aggrieved by the trial court's May 4, 2016 order. Thus, the issue of whether the trial court erred by finding in the City's favor before it received or reviewed the parties' timely-filed Proposed Findings of Fact and Conclusions of Law is moot. *See City of Phila. v. Se. Pa. Transp. Auth. (SEPTA),* 937 A.2d 1176 (Pa. Cmwlth. 2007).

Mendez next argues that Philadelphia breached a valid and enforceable contract to sell the Orianna Property to Mendez. We disagree.

Initially,

> [n]othing is better settled than that in order to constitute a contract there must be an offer on one side and **an unconditional acceptance** on the other. **So long as any condition is not acceded to by both parties to the contract, the dealings are mere negotiations** and may be

---

[5] The trial court improperly entered judgment when it should have issued a decision/verdict. *See* Pa.R.C.P. Nos. 227.1, 227.4, 1038.

7

terminated at any time by either party while they are pending.

*Parsons Bros. Slate Co. v. Dep't of Highways,* 211 A.2d 423, 424 (Pa. 1965) (emphasis added) (quoting *Cohn v. Penn Beverage Co.,* 169 A. 768, 768-69 (Pa. 1934)); *see also Highland Sewer & Water Auth. v. Forest Hills Mun. Auth.,* 797 A.2d 385, 390 (Pa. Cmwlth. 2002) (quoting *Onyx Oils & Resins, Inc. v. Moss,* 80 A.2d 815, 816 (Pa. 1951)) ("An agreement to agree is incapable of enforcement, especially when it is stipulated that the proposed compact shall be mutually agreeable."). Moreover, "[t]he essential terms that must be identified and agreed to in order to form a valid contract for the sale of real estate are the naming of the **specific** parties, property and consideration or **purchase price**." *GMH Assocs., Inc. v. Prudential Realty Grp.,* 752 A.2d 889, 900 (Pa. Super. 2000) (emphasis added).

Mendez claims that the August 29, 2013 Letter was a valid and enforceable contract for the Orianna Property's sale. However, the fact that the August 29, 2013 Letter contained the following conditional terms: "I write to **confirm your interest** in purchasing the [Orianna Property;]" "[w]e **anticipate selling** the [P]roperty . . . [;]" "these are **estimates of costs**"; "the Board of Directors of the Philadelphia Redevelopment Authority and the [Commissioner] **must approve** the final sales price[;]" and "[**i**]**f you are still interested** in purchasing the [Property] . . . [;]" clearly evidences that it was merely a confirmation of Mendez' interest in the sale. R.R. at 691a-692a (emphasis added). Because there was no "unconditional acceptance" and no "specific . . . purchase price[,]" the August 29, 2013 Letter was not a valid and enforceable contract for the Orianna Property's sale. *Parsons Bros. Slate Co.,* 211 A.2d at 424; *GMH Assocs., Inc.,* 752 A.2d at 900. Accordingly, Philadelphia did not breach a contract to sell the Orianna Property to Mendez.

Philadelphia, VPRC, HCD and the Commissioner also maintain that the August 29, 2013 Letter could not be an authorized contract for sale of the

Philadelphia-owned Orianna Property because Mendez did not obtain the statutorily-required approvals from City Council and the Commissioner. Mendez retorts that because the VPRC is a Philadelphia agency, it had the authority to enter into the contract by the August 29, 2013 Letter.[6]

This Court has held that "the statutory requirements for execution of municipal contracts are mandatory." *City of Scranton v. Heffler, Radetich & Saitta, LLP,* 871 A.2d 875, 880 (Pa. Cmwlth. 2005). "Where a municipality must execute a contract in a particular manner under legislative pronouncement, failure to comply with the pronouncement renders the contract unenforceable." *Id.* (quoting *Alco Parking Corp. v. Pub. Parking Auth. of Pittsburgh,* 706 A.2d 343, 348 (Pa. Super. 1998)).

Pursuant to the Philadelphia Code, no sale of Philadelphia-owned property "shall become final without specific approval by City Council." Philadelphia Code § 16-201. Further, "[t]he Commissioner[, not the VPRC] . . . is hereby authorized to transfer title to any property or ground to which he has accepted title under the provisions and conditions of this Chapter . . . ." Philadelphia Code § 16-405. Moreover, the Department of Public Property, rather than the VPRC may "when authorized by [City] Council, sell [Philadelphia real estate not being used in connection with the work of Philadelphia] upon the best terms obtainable after

---

[6] Mendez also contends that the City should be estopped from making this argument on the basis of promissory estoppel. However,

> [t]o establish promissory estoppel, [Mendez] must prove that: (1) the promisor made a promise that would reasonably be expected to induce action or forbearance on the part of the promisee; (2) **the promisee actually took action or refrained from taking action in reliance on the promise**; and (3) injustice can be avoided only by enforcing the promise.

*Peluso v. Kistner,* 970 A.2d 530, 533 (Pa. Cmwlth. 2009) (emphasis added). Here, there is no record evidence that Mendez took or refrained from taking action in reliance on the alleged promise. Accordingly, promissory estoppel does not apply.

9

appropriate public advertising and the receipt of competitive bids." Philadelphia Home Rule Charter § 5-900(a)(4).

"Persons contracting with a governmental agency must, at their peril, know the extent of the power of its officers making the contract." *Innes v. Sch. Dist. of Nanticoke,* 20 A.2d 225, 227 (Pa. 1941) (quoting *Charleroi Lumber Co. v. Bentleyville Borough Sch. Dist.*, 6 A.2d 88, 92 (Pa. 1939)). In the instant matter, the Philadelphia Code unambiguously directs that the VPRC "shall serve as an **advisory committee**." Philadelphia Code § 16-404(2) (emphasis added). Futhermore, the record does not evidence, nor does Mendez represent, that City Council and/or the Commissioner approved the sale of the Orianna Property to Mendez. Consequently, the August 29, 2013 Letter could not be an authorized contract for sale of Philadelphia-owned Orianna Property.

Mendez further asserts that if the August 29, 2013 Letter was not a valid contract for the sale of the Orianna Property, it was at least a contract in which Philadelphia agreed to forward Mendez' application to purchase the Orianna Property to the next step in the process for the sale of the Orianna Property. However, a review of the August 29, 2013 Letter reveals no such agreement. The only mention of the next step in the process is the following statement: "Please understand that these are estimates of costs - **the Board of Directors of the Philadelphia Redevelopment Authority and the** [**Commissioner**] **must approve the final sales price**." R.R. at 691a (emphasis added). Approval of the sale price is not synonymous with approval of the sale. The August 29, 2013 Letter does not contain and is not itself an agreement by Philadelphia to forward Mendez' application to the next step in the process. Thus, Mendez' argument is without merit.

Lastly, Mendez contends that Philadelphia should be enjoined from selling the Orianna Property to Gearhart because the VPRC abused its discretion by arbitrarily recommending that the Orianna Property be sold to Gearhart after

10

previously recommending that the Orianna Property be sold to Mendez. Specifically, Mendez maintains that the VPRC changed its recommendation after Philadelphia sent an offer letter to Mendez. Philadelphia, VPRC, HCD and the Commissioner rejoin that this issue is waived because it was stipulated at the April 20, 2016 hearing that the only issue before the trial court was whether the August 29, 2013 Letter was a contract.

> The following exchanges occurred at the April 20, 2016 hearing:
>
> **THE COURT**: Okay. So the bottom line to this whole case is whether or not on 10/8 [sic], the [August 29, 2013 Letter], does that constitute a contract.
>
> The City has a whole lot of reasons why you're saying it's not, a whole lot of reasons, and [Mendez] has their reasons why they suggest it is a contract.
>
> But isn't that the crux of the matter?
>
> [**Mendez' Counsel**]: I would say so, Your Honor . . . .

N.T. at 7.

> **THE COURT**: What I'd like you to do, Counsel, is I'd like you both to submit findings of fact and conclusions of law with the supporting documentation for each finding of fact that you would like – and there's really not a lot of dispute as to those facts – then a conclusion as to why you think there's a contract, what made it a contract in your opinion.
>
> [**Mendez' Counsel**]: Understood, Your Honor. We're happy to submit it that way for the [c]ourt's consideration.

N.T. at 14-15.

> **THE COURT**: . . . [B]ut the bottom line is on 8/29/13, did that constitute a contract.
>
> [**Philadelphia's Counsel**]: Binding [Philadelphia].
>
> **THE COURT**: Binding anything on [Philadelphia].
>
> [**Mendez' Counsel**]: That's fine, Your honor.

11

N.T. at 17-18.

> **THE COURT**: The bottom line in this case is whether the [August 29, 2013 Letter] constituted a contract.
>
> Really, we can keep this very simple. It's a legal analysis. There doesn't seem to be much disagreement on the time line and the actions of the parties. But I am very familiar with a lot of those laws – so all right.
>
> . . . .
>
> [**Mendez' Counsel**]: I have no objection, Your honor. We're good, and we'll submit everything in two weeks. Thank you.

N.T. at 21, 23. Clearly, Mendez' Counsel had plenty of opportunity to object and/or include the additional issue of whether the VPRC abused its discretion, but did not. Accordingly, because the issue was not before the trial court, we are precluded from addressing it on appeal.

Importantly, the VPRC is an "advisory committee," Philadelphia Code § 16-404(2). Because a VPRC recommendation is not a final decision, it is not an adjudication. *See* Section 101 of the Administrative Agency Law, 2 Pa.C.S. § 101 (An "[a]djudication" is defined as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made.").[7] "If the agency action is not an 'adjudication', then it is not subject to judicial review by way of appeal." *Phila. Cnty. Med. Soc'y v, Kaiser,* 699 A.2d 800, 806 (Pa. Cmwlth. 1997). Moreover, it is undisputed that currently neither City Council nor the Commissioner has authorized the sale of the Orianna

---

[7] Section 101 of the Administrative Agency Law provides that the listed definitions apply "when used in this title[,]" that is, Title 2 Administrative Law and Procedure. 2 Pa.C.S. § 101. Thus, the definition of "adjudication" applies to all parts of Title 2, which includes the Local Agency Law.

Property as required by Sections 16-201 and 16-405 of the Philadelphia Code. "Although the Local Agency Law[8] expanded the rights of parties to appeal local agency decisions, the act does not permit parties to prematurely raise non-final decisions." *Lamb v. City of Pittsburgh,* 512 A.2d 1361, 1363 (Pa. Cmwlth. 1986). Accordingly, the VPRC's recommendation is not subject to judicial review.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[8] 2 Pa.C.S. §§ 551–555, 751–754.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Maria Mendez and MH&I, LLC,   :
         Appellants :
             :
      v.       :
             :
City of Philadelphia, Philadelphia  :
Vacant Property Review Committee, :
City of Philadelphia Office of Housing :
and Community Development, City of :
Philadelphia Commissioner of Public :
Property Bridget Collins-Greenwald : No. 1176 C.D. 2016
and Sarah Gearhart      :

Maria Mendez and MH&I, LLC,   :
         Appellants :
             :
      v.       :
             :
City of Philadelphia, Philadelphia  :
Vacant Property Review Committee, :
City of Philadelphia Office of Housing :
and Community Development, City of :
Philadelphia Commissioner of Public :
Property Bridget Collins-Greenwald : No. 1600 C.D. 2016
and Sarah Gearhart      :

## O R D E R

AND NOW, this 1st day of August, 2017, the Philadelphia County Common Pleas Court's June 6 and August 17, 2016 orders are affirmed.

_____
ANNE E. COVEY, Judge